The next case, number 24-2067, Juan Jose Lantigua-Nunez v. US Coast Guard et al. At this time, would counsel for the appellant please come to the podium and introduce himself on the record to begin. Good morning. Good morning. Your Honors, I'm Josue Castellanos for Appellant Juan Jose Lantigua-Nunez. May it please the Court. Do you have any time for rebuttal? No, I don't think so, Your Honor. Thank you. This case was originally filed under the immunity waiver of the law enforcement proviso, because the Coast Guard's officer allegedly fired through the bow of the vessel that Mr. Lantigua was operating. They hit Mr. Lantigua twice in the arm, kept firing after the vessel started slowing down, and left him with severe injuries in his arms. Counselor, we read the brief so we know what happened to your client. I'm sorry, Your Honor? We read the brief so we know the tragic injury that your client sustained. Okay, thank you, Your Honor. So we just have to get to the statutory construction argument, it seems to me. Okay, Your Honor. All right. In that case, I would like to start, if the Court allows me, by making a concession. Because after we filed our brief, there was a case that the Supreme Court issued an opinion called Martin v. United States. And I think, after reading that case, that most of our argument, that was a broad argument stating, in essence, that Section 2680H overrides probably most of the other exceptions in the Federal Dodge Claim Act. But now it feels kind of irresponsible to maintain that approach, that broad approach. So we are considering that because I think it's the responsible thing to do right now. However, Martin's case taught us three things that I think are important in this case. The first one is that we have to read the law through the letter and make an analysis out of it. The second one is that the definition of law enforcer officer is not necessarily the same in the law enforcer proviso that in other parts of the law that it's mentioned. And the third thing the Court reminded us is that the Federal Dodge Claim Act is a supreme federal law of the United States liability towards committed by its agents. That being said, Your Honors, the question we would like to present the Court today, it's a very narrow question. The government relies on Section, subsection D, to practically remove the case from the jurisdiction of the Federal Dodge Claim Act to the maritime or administrative jurisdiction. But there is a caveat there. There is a test that we think must be performed before dismissing the case as it was done by the District Court. The proper section of the law, subsection D, I mean, states that Federal Dodge Claim Act, 311 of Title 46. In our opinion, Your Honors, that requires a specific analysis of whether both of those chapters can provide the remedy we are asking for a battery claim against a law enforcer officer or at least against the United States by being performed for a law enforcer officer. Wait a minute. Are you saying that your reading of this suggests that you have an either or, that you can file under Admiralty or the Court's Claim Act? No, Your Honor. What I'm saying... Or are you saying that if we look at the exception, they don't meet the in-connection with Prague? What I'm trying to say, Your Honor, is that if we analyze in subsection D after a claim filed under subsection H, we have, in order to take out the case of the Court and send it to the maritime law, we need to analyze if those two chapters, any one of them, can provide the specific remedy that is requested. And it was kind of intended by the Congress when the subsection H was enacted. What we think is that the district court was too fast to conclude that this case was sounding on Admiralty just because it happened in the sea. But do not consider other characteristics of the case, other facts of the case, to conclude that probably, after a test, those chapters may not provide the remedy that is requested. Well, let's talk a little bit about what it takes to get a remedy under the Suits and Admiralty Act. Would you agree that you have to, first, it has to sound in Admiralty, and that has underneath it a location and a nexus, Prague, and then you have to ask, could you maintain this type of tort claim against a personal individual? Is that the test you agree we should be applying here? If we look at that chapter specifically, I have to agree that, yes, it may be sound in Admiralty, but still, there's nothing, chapter 309 is too broad. And there's nothing too specific as it was enacted in subsection H of the law enforcement proviso to cover specifically law enforcement battery claims. But you just ask whether or not a similar type of claim could be brought had the individual committing the tort been a private individual. So, and here, you know, it's a battery type claim, correct? Yes, correct. And so, you have, it seems to me, that prong answered. You've got a personal injury claim that you could bring, otherwise, against a private individual. Yes, you are. Okay, so you set that aside. So then you have the question, does it sound in Admiralty? I think I heard you say earlier, you can see that point as well, that this was in navigable waters and you had, you know, a close relationship to a traditional maritime activity. Do you agree on that point as well? Up to that point, yes, you are. So then, it seems to me that you've completely satisfied the test as to whether or not there's a remedy under the Suits and Admiralty Act, and that should be the end of the case. Well, we relied on the interpretation and the specific form that subsection H treated the law enforcers, and by that, I mean also the definition that the Supreme Court in Martin's case hinted us that it would probably mean something different than in other parts of the law. So... But we don't really need to look at the FTCA if the Suits and Admiralty Act applies and provides a remedy. And I think we established just now that it does provide a remedy. Well, Your Honor, if I may, in my opinion, it requires first a test to determine if that is the case, and that didn't happen in district court. It was just like a fast track to... I'm sorry, Your Honor? It requires what? What kind of test? The test we are proposing is to determine if both chapters, 309 and 311, actually provides the remedy, but because there is no case law sustaining that specifically. Are you saying that Admiralty does not provide a remedy? I'm sorry, Your Honor. I couldn't hear. Are you saying that Admiralty doesn't provide a remedy? I'm saying that, yes, I know and I can recognize that Admiralty provides, between private parties, that kind of remedy in damages and torts, and that is correct. What we are trying to say here is that due to the definition Congress provided for subsection H, there's still a way so that in the maritime and under Admiralty law, the court can tell us, okay, but our law is too broad and Congress never intended to provide that remedy here. So because we never could have found any case law from the Supreme Court or in this circuit, we need to make the argument so we can... Are you saying that the Admiralty law is too broad? Yes, Your Honor. I mean the definition of what it covers as an agent of the United States is broad. It doesn't have like a specific definition. What authority does the court, if it's not a constitutional violation, to circumscribe Congress saying something, or law is too broad? Excuse me, Your Honor. I couldn't understand. How can the court say, unless it's in contravention of the Constitution, how can we say that an act of Congress is too broad? No, I'm sorry, Your Honor. I didn't mean to say that in that way. What I was meant to say was that the definition provided for an officer under Admiralty and maritime law is broad compared with a very specific definition of subsection H of the Fair Arts Claim Act. So what? What we are trying to do is... We have to rely on subsection H. That's what Congress has told us. Correct. So we have to see if it's covered or not covered. That is actually my point. We are trying to argue that we need to rely on subsection H, and that is the proper way to address this case, because we think that the definitions that provide the other maritime chapters are not that specific, and actually would exclude the claims that we are trying to... Well, Congress has said it falls under H unless it sounds in Admiralty. That's what Congress has said. And then we immediately go to, well, does it sound in Admiralty? I think you've conceded, based upon my colleague's questions, that it does. Yes, you have. I mean, so why don't we just... I mean, I don't know why we wouldn't just stop there. Because we were trying to differentiate how the subsection H of the law enforcement proviso defines who is the law enforcer. But subsection H doesn't really matter, because you have the subsection D, 2680D, which says that any claim covered by the Admiralty Act is outside the FTCA. So set H aside, the meaning of law enforcement officer under H is irrelevant. All you're asking is, does the Admiralty Act apply? And we just agreed that it did. So that appears to me to be the end of the case. Probably, Your Honor. If you put it that way, I can agree with you. The reason we're here and we appealed the judgment was... You know you have a right to submit on the briefs. Yes, I tried, Your Honor. Because my client is nowhere to be found since Christmas. And which... Let me ask you one question. Is your client detained? He was charged criminally, I assume, right? Correct. And he's been sentenced and he's probably somewhere within the Bureau of Prisons. No, Your Honor. That is not correct. Apparently, all the charges were, I don't know, he got a ticket and he was judged with... His sentence, I remember, it was something like time fulfilled or something like that. And then he was deported. Time served. So he was time served. Time served, yeah, correct. And he was deported to the Dominican Republic. So after that... Is he alive? I don't really know. And that is what we are afraid of. Okay, but you don't have anything that would suggest that he has passed away. Nobody... Of course, he can't inform you if that happened, but nobody's notified you your client died or anything. He could be alive and not communicative or he could have been arrested and is in Dominican Republic prison or somewhere else. Or he's... I don't know. Well, we don't really know, Your Honor. The only communication we had was with his sister. And she mentioned that she was with him at Christmas and after that he disappeared that night. And he's nowhere to be found right now. This morning you can submit on the brief. Oh, yeah, in that case. I can submit on the brief, but I tried earlier and it was denied by this court. So I thought that was not an option anymore. Thank you.  Let's hear from counsel for the Coast Guard. One moment, please. And you can submit on the briefs, too. Good morning. May it please the Court. David Peters. I'm with the United States of America. We think the case, the district court correctly dismissed for lack of subject matter jurisdiction. I welcome any questions the court has. If there are none, we ask the court to affirm. Okay. I have none. None? None? Okay. Well, thank you. Thank you, counsel. That concludes argument in this case.